JUSTICE LEE,
concurring in part concurring in the judgment:
I write separately only to note my disagreement with Rothstein v. Snowbird Corp., 2007 UT 96, 175 P.3d 560, which the majority restates and then distinguishes. I see no logical or legal basis for Rothstein's conclusion that enforcement of a ski resort's release waiving liability for negligence "breached [the] public policy bargain" struck by the Inherent Risks of Skiing Act, UTAH CODE §§ 78B-4-401 to -404. Rothstein, 2007 UT 96, ¶ 16, 175 P.3d 560. Even if the "central purpose" of that statute was to "permit ski area operators to purchase insurance at affordable rates," it could hardly follow that "the Legislature [thereby] authoritatively" renounced the enforceability of written waivers of liability for negligence. Id. T 15-16. Enforcement of such releases could only further advance the stated goal-making insurance even more affordable. I would therefore repudiate Rothstein instead of distinguishing it in a manner that tends to reinforce it.